Carl F. Becker, Esq. County Attorney, Delaware County
You have asked whether the Delaware County Department of Social Services must pay attorneys' fees to a law firm that settled a case on behalf of a public assistance recipient on the amount of the settlement that represents the Department of Social Services' lien for medical expenses.
You have indicated that the Department of Social Services expended $5,068.79 for medical expenses for an individual who had a negligence cause of action for the injuries that necessitated the medical treatment. The Department of Social Services followed the procedures enumerated in section 104-b of the Social Services Law and asserted a lien against the proceeds of the negligence action. The action was subsequently settled for $90,000. The plaintiff's attorneys, who had a retainer for one-third of the recovery, deducted the amount of the Department's lien from the proceeds of the settlement before computing their contingent fee on the resulting balance. Plaintiff's attorneys now refuse to turn over the amount of the lien until the Department of Social Services agrees to pay them one-third of the amount of the lien. The Department of Social Services did not enter into a contingent fee agreement with the plaintiff's attorneys.
Section 104-b of the Social Services Law provides that the public welfare official for the public welfare district providing assistance shall have a lien for the amount of assistance furnished against any person who is found liable for the personal injuries of the public assistance recipient. Section 104-b further provides that the lien for public assistance
 "shall be subject and subordinate to the lien on the amount recovered by * * * settlement, of any attorney or attorneys retained by any such injured person to prosecute his claim for damages for personal injuries, having or acquiring by virtue of such retainer a lien on the cause of action of any such injured person, or on * * * any settlement * * * of, any such action or claim for damages for personal injuries."
This provision was intended to encourage attorneys to represent public assistance recipients in personal injury actions by providing that their lien for fees is prior to the lien of the Department of Social Services (1978 Op Atty Gen 119). Here, it is clear that the lien of the Department of Social Services is subordinate to the lien for the attorney's fees. If the attorneys representing the public assistance recipient had not received payment pursuant to a contractual agreement with the public assistance recipient, the attorney's lien would be paramount to the lien of the Department of Social Services (ibid.).
Here, however, the attorneys, without any contractual agreement with the Department itself, are attempting to obtain attorneys' fees from the Department of Social Services. Section 104-b does not authorize such action. The section simply permits an attorney to assert his right to payment from the proceeds of the settlement before the Department of Social Services is paid; it does not permit him to collect any part of his fee from the Department.
We conclude that the Delaware County Department of Social Services is not required to pay one-third of the amount of the lien as attorneys' fees before it is entitled to its lien. The attorneys' fees should be assessed on the settlement as a whole, and the Department of Social Services is entitled to be reimbursed for the amount of its lien out of the balance of the proceeds of the settlement, which in this instance, are adequate to satisfy its lien in full.